UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

# CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-08029-WLH-KS | Date | June 24, 2024 |
|---|---|---|---|
| Title | *Carl A. Wescott v. Mr. Jay Caplan, et al.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE DISMISSAL FOR LACK OF PROSECUTION**

The Court issued an Order to Show Cause regarding dismissal for lack of prosecution, (Order, Docket No. 27), and ordered the Plaintiff Carl A. Wescott ("Plaintiff") to show cause in writing by June 20, 2024, why the action should not be dismissed for lack of prosecution. (Order, Docket No. 30). Having received no response to the Order to Show Cause as of June 24, 2024, the Court **DISMISSES** this action for lack of prosecution.

I.  BACKGROUND

Plaintiff proceeds in this action *pro se* and *in forma pauperis*. The Court previously ordered service of process of the Complaint by the United States Marshal on defendants Mr. Jay Caplan, LJ Capital, LLC, LJ Capital Partners, LLC, LJ Capital Partners II, LLC, and Does 1 through 25 (collectively, "Defendants"). (Order, Docket No. 10). The Plaintiff did not provide sufficient information to the Marshals to effectuate service, however, and service never occurred.

Plaintiff filed a First Amended Complaint. ("FAC," Docket No. 13). Plaintiff also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

filed a letter that the Court construed as a request for service of process by the Marshals. (Order, Docket No. 16). The Court granted the request. (*Id.*).

Service of process was effectuated, and proofs of service filed, (Docket Nos. 19−22), but Defendants failed to respond to the FAC. Plaintiff took no action with respect to Defendants' failure to respond. The Court accordingly issued an Order to Show Cause regarding lack of prosecution. (Order, Docket No. 25). Plaintiff, apparently under the mistaken impression that the Order to Show Cause indicated that the FAC had not yet been served (it had), filed motion requesting service of the FAC. (Motion, Docket No. 27; *see also* Response, Docket No. 26 at 1−2 (Plaintiff writing that he "ha[d] not heard anything more on this case, so he [was] under the assumption that service has not yet been effectuated.")). The Court struck the motion requesting service of the FAC because it was procedurally improper. (Order, Docket No. 30 at 3). The Court also continued the Order to Show Cause regarding Lack of Prosecution to June 20, 2024. (*Id.*). Specifically, the Court ordered the Plaintiff to "show cause in writing no later than June 20, 2024, why this action should not be dismissed for lack of prosecution." (*Id.* at 3−4 (noting that Plaintiff had electronic access to the Court's CM/ECF system such that his claim that he had not "hear[d] anything" about the case was unpersuasive)). Plaintiff failed to respond in any fashion.

## II.   DISCUSSION

Plaintiff's failure to comply with this Court's Order to Show Cause and the applicable rules warrants dismissal for lack of prosecution. When dismissing an action for lack of prosecution, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES - GENERAL**

Cir. 1988) (per curiam) (internal quotation omitted).

In this case, as in all cases, the first factor favors dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). The second factor—the need for docket management—also favors dismissal. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 256 F.3d 1058, 1065 (9th Cir. 2004) (noting that cases sitting "idly on the court's docket" consume resources). Regarding the third factor, defendants are also presumptively prejudiced by Plaintiff's unexplained failure to prosecute this action. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is judged in part with reference to the strength of the plaintiff's excuse…."); (*see* Response, Docket No. 26 at 1−2 (Plaintiff writing that he "ha[d] not heard anything more on this case, so he [was] under the assumption that service has not yet been effectuated."); *but see* Order, Docket No. 24 (granting Plaintiff access to electronic filing)). Fourth, the "public policy favoring disposition of cases on their merits" always weighs against dismissal for lack of prosecution, but that factor can be outweighed. *See, e.g.*, *Malone*, 833 F.3d at 133 n.2. Fifth, the Court finds that no sanction short of dismissal is feasible given that the Court has given Plaintiff multiple chances to comply with this Court's Order to Show Cause and he still has failed to do so, without explanation. (*See* Order, Docket No. 25; Order Docket No. 30).

### III.   CONCLUSION

For the foregoing reasons, the action is **DISMISSED**.

**IT IS SO ORDERED.**